## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**LISA ANN STEPP**                                                            **PLAINTIFF**

**v.**                              **No. 3:15-CV-00188-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                              **DEFENDANT**

### ORDER AFFIRMING THE COMMISSIONER

Lisa Stepp applied for social security disability benefits with an alleged onset date of November 1, 2011. (R. at 47). The administrative law judge (ALJ) found that Stepp was not disabled, and the Appeals Council declined to review the decision, which now stands as the Commissioner's final decision. (R. at 1). Stepp has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court affirms the ALJ's decision.

## I.    The Commissioner's Decision

The ALJ found that Stepp had the severe impairments of history of end-stage renal disease, status post-left kidney removal, hernia repair, and history of hip and knee surgery. (R. at 11). At step 3, the ALJ determined that Stepp did not have an impairment or combination of impairments that met the listings of 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14). The ALJ found Stepp had the

residual functional capacity (RFC) to perform sedentary work with the limitation of only occasionally stooping, crouching, crawling, or kneeling. (R. at 15). Further, she could perform work where the complexity of tasks can be learned by experience, could use judgment within limits, and required little supervision for routine tasks but detailed supervision for non-routine tasks. (R. at 15). The RFC precluded any of Stepp's past relevant work. (R. at 18). After considering testimony from a vocational expert (VE), the ALJ determined that Stepp could work in jobs such as information clerk, telephone solicitor, or appointment clerk. (R. at 19). Accordingly, the ALJ held that Stepp was not disabled. (R. at 20).

## II.    Discussion

Stepp argues that, at step 3 of the evaluative process, the ALJ failed to consider her impairments in combination, which would have allowed those impairments to meet a listing. She also argues that, even if her impairments do not meet or equal a listing, her impairments prevent her from engaging in substantial gainful activity.

This Court must affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which has been defined to mean "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if two inconsistent conclusions can be drawn from the evidence, the Court

must affirm if one of those conclusions is consistent with the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

Stepp fails to provide any support for her contention that her impairments meet any listing. She merely lists her impairments and asserts that they meet an unspecified listing. Her brief contains no analysis of the law or any connection between her impairments and any specific listing. The Eighth Circuit has rejected such arguments as mere "conclusory assertion[s]" when a claimant does not analyze the law or facts allegedly supporting the contention. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). The Court is not responsible for doing the work of Stepp's counsel in fleshing out her argument, nor can it speculate as to what she intends to argue if she does not present the argument herself.

Stepp states that the ALJ stopped evaluating her impairments at step 2 of the evaluative process, but does not elaborate beyond making that conclusory statement. Contrary to Stepp's assertion, the record makes it clear that the ALJ completed an analysis at steps 3, 4, and 5 of the evaluative process. (R. at 14–20).

Finally, Stepp makes the broad assertion that she cannot engage in substantial gainful activity based on: chronic vertigo and dizziness; extreme limitations of the left hip that will require surgery and prevent her from sitting; residual problems from carpal tunnel surgery; and lifting restrictions caused by a

hernia. However, she again cites to no evidence to support these allegedly disabling limitations.

In his decision, the ALJ fully and fairly considered all of Stepp's impairments, both severe and non-severe, in determining that she was not disabled. (R. at 10). It is not the role of this Court to reweigh the evidence. *Howe v. Astrue*, 499 F.3d 835, 839 (8th Cir. 2007). While Stepp contends that the ALJ should have included her vertigo and dizziness in his hypothetical question to the VE, the ALJ need only include impairments that find substantial support from the evidence in the record. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). Stepp has failed to point to any substantial evidence in the record supporting those additional impairments which were not included in the ALJ's hypothetical question.

## III.   Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Stepp's Complaint is DISMISSED, WITH PREJUDICE.

DATED this 13th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE